## RECOVERY FOR UNNECESSARY DAMAGES IN REMOVING FIXTURES.

### Circuit Court of Cuyahoga County.

### LOUIS M. GREIF v. JOSEPH KIEWELL.

Decided, March 20, 1911.

*Damages to Real Property—Exemplary Damages—Measure of Damages —Charge Misleading.*

1. In an action for removing fixtures from a house, whereby the house itself was damaged, the evidence showing malice, lawlessness and unnecessary damage and a malevolent spirit, exemplary or punitive damages may be awarded.
2. Where damage has been done to real property, the measure of damages is the difference in the value of the property before and immediately after the injury occurred.
3. The consent of the parties in one instance to an erroneous statement of the law, by the court, to the jury, does not bar one of them from complaining of other parts of the charge where the same incorrect statement was made, if the context shows that the charge as a whole was misleading.

*H. W. Ewing* and *W. H. Boyd,* for plaintiff in error.
*Alexander & Dawley* and *William Howell,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Greif was the owner of certain premises on Carroll avenue in the city of Cleveland which he sold, through an agent, to Kiewell.

On the premises was a twelve room residence, fitted up with electric lights, hot water furnace, hot water boiler, wine room,

cupboards, bath tubs, marble slab, book case, cabinets, a side-board, and other ornamental and useful fixtures, attached to the building.   When Greif delivered possession òf the premises and moved out, he tore out and carried away with him many of the fixtures,· claiming the right to do so, partly on the ground that some of them were not permanently affixed to the building, and partly on the ground that he had expressly reserved the right to do so in the contract of sale.

Thereupon Kiewell brought suit, alleging that Greif out of malice and ill-will and for the purpose of harassing him and injuring the premises had wrongfully, wilfully and maliciously torn out and removed said fixtures, and that in tearing out and removing them he had broken and injured the walls, decorations, finish, stairs, cement floor in basement and other parts of the house and had purposely and maliciously driven nails into the wood work and finish of the house and nailed rough boards over the places from which said shelves, cabinets, etc., had been torn and removed, for all of which he asks damages.

The issues were made up and tried to a jury which brought in a verdict in the sum of $1,300 for the plaintiff, upon which judgment was entered.

Greif now complains of said judgment in this court, alleging that it is excessive, unwarranted by the evidence and that the trial judge erred in his charge to the jury.

An examination of the record shows that the jury might well have found as it did, if the charge was correct; but two complaints are made with respect to the charge; first, that the jury was instructed that it might assess exemplary damages, and second, the rule as to measure of damages was incorrectly stated.

There was evidence in this case tending to show that Greif acted in a malicious and lawless manner in removing fixtures from the premises; he did unnecessary damage, one instance of which shows clearly his malevolent spirit.   Not only did he remove all the push buttons and switches on the electric wiring in the house, but he pulled out some of the wires and shoved others back between the partitions, so that they could not be used again.

It was said in the case of *Railroad Co.* v. *Hutchins,* 37 Ohio St., 282, 294:

"For every wrong done, if it can be redressed in damages the rule is that the injured party shall have compensatory damages, and if the wrongful act was willful, wanton or malicious, punitive damages may also be awarded."

This was an action for cutting down and removing timber from a freehold. The timber had passed into the hands of an innocent holder and the court held that punitive damages could not be assessed against such holder. To the same effect is the case of *Iron Co.* v. *Harper,* 41 Ohio St., 100, where an agent, by a false and fraudulent representation to his principal, obtained possession of his principal's goods and converted them to his own use.

On the measure of damages the trial judge charged as follows:

"If you find that the plaintiff owned these fixtures and that the defendant took them away from there, you should give him a verdict for the fair and reasonable cost of restoring them in as good a condition as they were."

Again:

"The rule of damage in such cases is that the plaintiff would be entitled to recover any damage done by the removal of property, and the cost of restoring the property to as good a condition as it was before."

Opposite this phrase on the margin of the bill of exceptions is a statement signed by the trial judge that:

"The language used by the court as follows, 'and the cost of restoring the property to as good a condition as it was before,' was used by the court by consent of the parties."

This annotation by the trial judge shows that he was doubtful of the rule he enunciated. Of course it was wrong. It permitted the plaintiff to obtain new fixtures for old and second-hand ones. The rule laid down repeatedly in this state is that where damage has been done to real property, the measure of damages is the difference in the value of the property before and immediately after the injury occurred. 12 C. C., 426; 12 C. C., 520; 12 C. C., 650.

The consent of the parties in the one instance to an erroneous statement of the law, should not now bar the plaintiff in error from complaining of other parts of the charge where the same incorrect statement was made, if the context shows that the charge as a whole was misleading.  Such we find to be the case for several times the court speaks of the cost of restoring the property to as good a condition as it was before, as referring to a repair of the damage done to what was left, by the tearing out of fixtures and several times as including not only that, but also the cost of purchasing new fixtures, and installing them.

On the whole, it seems that justice will be done by granting a new trial, in order that a jury may be properly directed to a correct conclusion by a correct statement of the measure of damages to be applied in a case like this.

Judgment reversed for error in the charge.